**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**(READING)**

| | |
|---|---|
| IN RE: ) | |
| RAY E. WEAVER AND ) | CASE NO.: 20-14833-pmm |
| MARY E. WEAVER ) | CHAPTER 13 |
| ) | JUDGE PATRICIA M. MAYER |
| ) | |
| DEBTOR ) | |
| ) | |
| MILL CITY MORTGAGE LOAN TRUST ) | |
| 2019-GS1 ) | |
| ) | |
| MOVANT ) | |
| ) | |
| RAY E. WEAVER AND MARY E. WEAVER, ) | |
| DEBTORS, AND SCOTT F. WATERMAN, ) | |
| TRUSTEE ) | |
| ) | |
| RESPONDENTS ) | |

## STIPULATION AND ORDER

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Movant is Mill City Mortgage Loan Trust 2019-GS1.

2. Debtors, Ray E. Weaver and Mary E. Weaver, are the owners of the premises located at 342 Bartlett Street, Reading, PA 19611 (hereinafter the "Property").

3. On February 17, 2022, Movant filed a Motion for Relief in this case and Debtors filed a Response on March 4, 2022.

4. Debtors had failed to make the monthly payments in the amount of $801.08 for the months of December 1, 2021 through February 1, 2022 with $97.20 in suspense. Currently, Debtors are delinquent for January through March 2022 payments of $801.08 with $136.12 in suspense, totaling $2,267.12.

5. The post-petition arrearage on the mortgage held by the Movant on the Property is **$3,505.12**, which breaks down as follows:

> Post-Petition Payments: January 2022 through March 2022 totaling $2,403.24
> Fees & Costs Relating to Motion: $1,238.00 ($1,050.00 fees and $188.00 costs)
> Suspense Balance: $136.12
> **Total Post-Petition Arrears with fees and costs: $3,505.12**

6. Debtors and Movant shall resolve this Motion in the following manner:

    a. Debtor filed a Motion to Modify Plan on March 23, 2022 to include the remaining post-petition arrears with a total arrears to be paid through the Plan of $21,197.01. (The actual total of pre-petition and post-petition arrears is $20,447.81).

    b. Beginning with the payment due April 2022 payment and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $826.57 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

    c. Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,505.12** along with the pre-petition arrears.

    d. The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

7. In the event the payments above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

8. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The provisions of this stipulation are without prejudice to any of our rights and remedies available to the Trustee.

12. The parties agree that an electronic signature shall be considered an original signature.

| | | |
|---|---|---|
| Date: 3/30/22 | By: | /s/ Joshua I. Goldman<br>Joshua I. Goldman, Esquire<br>Attorney for Movant |
| Date: 3/30/22 | By: | /s/ Brenna H. Mendelsohn (w/ permission)<br>Brenna H. Mendelsohn, Esquire<br>Attorney for Debtor |
| Date: 4/4/22 | By: | /s/ Rolando Ramos for *(w/ permission)*<br>Scott F. Waterman, Esquire<br>Chapter 13 Trustee |

### ORDER

Approved by the Court this ____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Patricia M. Mayer